UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14039-CIV-MARTINEZ /MAYNARD

**FLORIDA LIMITED INVESTMENT PROPERTIES, INC.,**

    **Plaintiff,**

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS (DE 1-3 AT 64), PLAINTIFF'S MOTION FOR REMAND (DE 8), AND PLAINTIFF'S MOTION TO STRIKE UNSWORN HEARSAY ASSERTIONS (DE 14)

**THIS CAUSE** comes before the Court upon Defendant Deutsche Bank National Trust Company's (DBNTC or Defendant) Motion to Quash Service of Process (DE 1-3 at 64), Plaintiff Florida Limited Investment Properties, Inc.'s Motion for Remand (DE 8), and Plaintiff's Motion to Strike Unsworn Hearsay Assertions (DE 14), on referral (DE 20). For the reasons discussed below, I recommend Defendant's motion be granted, and Plaintiff's motions be denied.

## BACKGROUND

On August 24, 2020, Plaintiff filed this action against Defendant in the Circuit Court of the Tenth Judicial Circuit in and for Highlands County, Florida. DE 1-3 at 5. The Amended Complaint alleges that Defendant previously filed a foreclosure action in state court regarding a property owned by Plaintiff. DE 1-3 at 17, 263-288. Plaintiff alleges that DBNTC is an alter ego of Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS7, the named plaintiff in the

foreclosure action. DE 1-3 at 20, ¶14; DE 1-3 at 263. Plaintiff says Defendant committed numerous fraudulent acts in the foreclosure proceedings, thereby violating Florida's Civil Remedies for Criminal Practices Act, Fla. Stat. §772.101, *et. seq.* Specifically, Plaintiff alleges Defendant, as trustee for the foreclosing entity, acted fraudulently by acquiring and maintaining an interest in the subject property, divesting Plaintiff of its interest, and preventing Plaintiff from renting the property or selling it for fair market value. *Id*. at 27. Based on these allegations, Plaintiff seeks sought a judgment in the amount of $801,076.50 *Id*. at 39.

On October 8, 2020, Plaintiff attempted to serve a copy of the Summons and Amended Complaint on Defendant by delivering it to CT Corporation at 28 Liberty Street, New York, New York. DE 1-3 at 33. The next day, on October 9, 2020, CT Corporation sent a letter to Plaintiff's counsel advising that it was not a registered agent for DBNTC. DE 1-3 at 74.

Notwithstanding CT Corporation's letter, Plaintiff moved for entry of clerk's default against Defendant on October 29, 2020 for Defendant's failure to respond to the Complaint. DE 1-3 at 36. Plaintiff contemporaneously moved for final summary judgment after default. *Id*. at 38. On December 14, 2020, the state court granted Plaintiff's motions and entered final judgment in Plaintiff's favor in the amount of $801,076.50. *Id*. at 49-50.

On January 22, 2021, Defendant removed the case to federal court and moved to quash the service of process. DE 1. In the Notice of Removal, Defendant asserts that removal is timely because Defendant removed within thirty days of its receipt of the initial pleading. *Id*. at 3. Defendant maintains that it was not properly served and only discovered this action on or about December 28, 2020 when doing an online records search. *Id*. Defendant further asserts that removal is proper because there is diversity of citizenship between the parties, and the final

judgment Plaintiff obtained in state court demonstrates that the amount in controversy exceeds $75,000. *Id*. at 5.

## DISCUSSION

In the motion to quash service of process, Defendant argues that Plaintiff's service was defective because CT Corporation is not a registered agent for Defendant. Defendant complains that Plaintiff continued to attempt service on it through CT Corporation despite being informed by CT Corporation that it was not authorized to accept service on Defendant's behalf. Because Defendant was never served with process, Defendant argues that personal jurisdiction is lacking. Based on the foregoing, Defendant asks the Court to quash service and set aside the clerk's default and default judgment entered against it.

For its part, Plaintiff moves to remand the case back to state court on the ground that Defendant's removal was untimely. DE 8. Plaintiff's position is based on its assertion that service on Defendant at CT Corporation on October 8, 2020 was proper under Florida law. Since service was properly effectuated, Defendant had thirty days from October 8, 2020 – or until November 7, 2020 – to remove the case to federal court. *See* 28 U.S.C. § 1446(b). Because Defendant did not remove the case until January 22, 2021, Plaintiff maintains that remand is appropriate.[1]

I will address Plaintiff's motion to remand first since it implicates the Court's subject matter jurisdiction. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.

---

[1] On August 16, 2021, Defendant filed an Updated Local Rule 7.1 (B) Certification attaching an email from Mr. Segal (Plaintiff's counsel) stating that Plaintiff now has no objection to the motion to quash. DE 24; DE 24-1. It remains unclear to the undersigned, however, whether Mr. Segal's email means he withdraws all of the arguments made in Plaintiff's response to the motion to quash, DE 12, motion for remand, DE 8, and motion to strike hearsay assertions, DE 14. Thus, the undersigned addresses these motions on the merits.

1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court.").

Plaintiff argues that DBNTC's notice of removal was untimely because the complaint was served on October 8, 2020 and removal was not effectuated until January 22, 2021, well beyond the thirty-day time limit. DBNTC responds that removal was timely because the complaint was never properly served, and the notice of removal was filed within thirty days of DBNTC first learning of the case.

28 U.S.C. § 1446(b)(1) provides that a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The "time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Even if a defendant has actual notice of a lawsuit, service of process must comply with the rules of service in order to be effective. *Hunt v. Nationstar Mortg., LLC*, 782 F. App'x 762, 764 (11th Cir. 2019) (per curiam). "In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed." *Rentz v. Swift Trans. Co., Inc.*, 185 F.R.D. 693, 696 (M.D. Ga. 1998); *Hines v. Regions Bank*, 782 F. App'x 853, 854 (11th Cir. 2019); *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n. 1 (11th Cir. 1985). In Florida, statutes governing service of process are strictly enforced. *Shurman v. Atl. Mortg. & Inv. Corp.*, 795 So. 2d 952, 954 (Fla. 2001). Thus, resolution of the motion to remand depends entirely on the outcome of Defendant's motion to quash service of process. If

service was properly effectuated under Florida law on October 8, 2020, DBNTC's notice of removal was untimely and remand is appropriate. If service was not properly effectuated, however, DBNTC's notice of removal was timely and the case may proceed in federal court.

In the motion to quash service of process, Defendant asks the Court to set aside the entry of default and default judgment entered against it in state court based on insufficient service of process. Federal Rule of Civil Procedure 55(c) provides that the court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Rule 60(b) in turn provides that a court may relieve a party from a final judgment or order if, for example, the judgment is void. Fed.R.Civ.P. 60(b)(4). Defendant's motion to quash was pending in state court at the time of removal to federal court. Thus, a federal court may grant the requested relief. *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1252 (11th Cir. 1988) ("a federal district court may dissolve or modify injunctions, orders, and all other proceedings which have taken place in state court prior to removal."); *Ware v. Fleetboston Fin. Corp.*, 180 F. App'x 59, 63–64 (11th Cir. 2006) (internal quotations omitted) ("When a case is removed to federal district court under original jurisdiction the federal court takes it as [though] everything done in the state court had in fact been done in the federal court.").

When determining the sufficiency of service prior to removal, a federal court looks to the state law governing the service of process. Under Florida law, a financial institution may, but is not required to, designate a registered agent for service of process within the state of Florida. Fla. Stat. § 655.0201(2). If a financial institution does not designate a registered agent within the state, "service may be made to any officer, director, or business agent of the financial institution *at its principal place of business* or at any other branch, office, or place of business in the state." Fla. Stat. § 655.0201(3) (emphasis added). DBNTC is a national banking organization formed under

the laws of the United States. *See* Decl. of R. Reyes, DBNTC Vice President at 16-1 at ¶5; *see also* DE 1-2; DE 1-3. As such, it is a financial institution under Florida law. DBNTC's principal place of business is located at 1761 East St. Andrew Place, Santa Ana, California 92705. *Id*. at ¶7. DBNTC's main office is located in Los Angeles, California. *Id*. at ¶7. DBNTC does not have a registered agent in the state of Florida, nor does it have a branch, office, or place of business in the state of Florida. *Id*. at ¶8. Therefore, to comply with Florida law on service of process, Plaintiff must serve Defendant at its principal place of business which is 1761 East St. Andrew Place, Santa Ana, California 92705. Plaintiff failed to do so.

Plaintiff claims it effectuated service by serving Defendant at CT Corporation on October 8, 2020. Plaintiff says it initially attempted to serve DBNTC at the corporate headquarters of Deutsche Bank, located at 60 Wall Street, New York, New York. According to the Return of Service, security personnel at 60 Wall Street gave the server the following instructions:

> Per Jacquelin Walton at the security desk, the respondent Deutsche Bank of 60 Wall Street NY NY has directions to continue to serve process at CT Corp 28 Liberty Street NY NY 10005 as no one currently is present in the building who is authorized to accept legal papers. As of 9/24/20, she does not know when this method will revert to the original service address.

DE 1-3 at 73. In accordance with these instructions, the process server delivered the Summons and Amended Complaint to CT Corporation at 28 Liberty Street, New York, New York 10005. *Id*. The very next day, however, CT Corporation sent a letter to Plaintiff's attorney – Lee Segal, Esq. – stating as follows:

> After checking our records and the records of the State of NY, it has been determined that CT Corporation System is not the registered agent for an entity by the name of DEUTSCHE BANK NATIONAL TRUST COMPANY. CT was unable to forward.

DE 1-3 at 74.  Indeed, CT Corporation sent numerous letters to Mr. Segal in a variety of cases against DBNTC informing Mr. Segal that it was not the registered agent for the Defendant and would not be accepting service on DBNTC's behalf.  DE 1-3 at 90-118 (providing twenty-one letters sent to Lee Segal between July 15, 2020 and October 7, 2020 advising him that CT Corporation could not accept service of process for DBNTC).  Despite these communications, Mr. Segal proceeded with this and several other cases in Florida against DBNTC via service of process on CT Corporation.  Plaintiff ultimately obtained entries of default and default judgement in this case.

The problem for Plaintiff is that Florida law does not allow DBNTC to be served at CT Corporation in New York.  This is true for several reasons.  First, Florida law provides that a financial institution which does not have a registered agent or branch office in Florida must be served at its principal place of business which, for DBNTC, is in Santa Ana, California.  Plaintiff did not serve DBNTC in Santa Ana, or even at DBNTC's main office in Los Angeles, California.[2]  Instead, Plaintiff attempted to serve DBNTC at 60 Wall Street, which it believed to be the corporate headquarters of Deutsche Bank.  There is no evidence before this Court, however, that Deutsche Bank and DBNTC are the same legal entity for purposes of service of process.  The fact that Deutsche Bank may have accepted service of process for DBNTC at 60 Wall Street before the pandemic (at least according to Plaintiff's process server)[3] does not change this outcome. *See* Aff. of DBNTC Vice President R. Reyes, DE 16-1 at ¶14 ("DBNTC is a separate and distinct entity from other Deutsche Bank entities that may have names similar to DBNTC[.]").  Moreover, whatever the process was before the pandemic, even Plaintiff's process server acknowledges that

---

[2] DBNTC's Vice President Ronaldo Reyes avers that DBNTC's main office is located in Los Angeles, California and its principal office of operations is in Santa Ana, California.  DE 16-1 at ¶¶6-7.
[3] *See* M. Levey Aff, DE 10-1 ¶4.

after July 2020 Deutsche Bank was no longer accepting service of process for itself or anyone else at the 60 Wall Street location. DE 10-1 at ¶¶6-9. While security personnel at 60 Wall Street may have instructed the process server to serve at CT Corporation, DBNTC has never authorized CT Corporation to accept service of process on its behalf. DE 16-1 at ¶¶12-14. Indeed, CT Corporation has advised Plaintiff's counsel of this fact on multiple occasions. Counsel's decision to ignore these communications was done at Plaintiff's peril. I agree with the multitude of other federal courts in Florida that have found service of process on DBNTC through CT Corporation to be invalid. *See e.g LP Assets, LLC v. Deutsche Bank Nat'l Tr. Co.*, 2021 WL 2916855, at *3 (M.D. Fla. May 28, 2021); *Haulsee v. Deutsche Bank Nat'l Tr. Co.*, 2021 WL 1220759, at *2 (M.D. Fla. Mar. 30, 2021); *Quest Sys., LLC as Tr. of 16347 Coco Hammock Land Tr. v. Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Assets Tr. 2006-2, Mortg. Pass-Through Certificates, Series 2006-2*, 2021 WL 778831, at *4 (M.D. Fla. Mar. 1, 2021); *Kenny v. Deutsche Bank Nat'l Tr. Co.*, 2021 WL 778877, at *3 (M.D. Fla. Mar. 1, 2021).

Because Plaintiff's attempted service on DBNTC was defective under Florida law, the entries of default and default judgment against Defendant were without jurisdiction and are therefore void. *Toribio v. City of W. Palm Beach*, 171 So. 3d 813, 813 (Fla. 4th DCA 2015) ("A judgment entered based on invalid service of process is void."); *see also Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007) ("Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant."). It further follows that Plaintiff's motion to remand based on Defendant's purported untimely removal should also be denied. Defendant first received notice of the case on December 27, 2020. DE 16-1 at ¶ 11. Defendant removed the case on January 22, 2021 which is within the thirty-day time period. Finally, Plaintiff's Motion to Strike Unsworn Hearsay

Assertions should also be denied. Plaintiff claims certain statements in Defendant's pleadings are unsworn hearsay assertions not supported by credible evidence. DE 14. However, Defendant filed evidence in support of its positions, including its Certificates of Corporate Existence, DE 1-2, 1-3, various letters from CT Corporation to Mr. Segal rejecting service of process, DE 1-3 at 90-119, and affidavits from officers of CT Corporation and DBNTC, DE 1-3 at 90; DE 16-1. That evidence stands uncontroverted in the record and Plaintiff's arguments in this regard should be rejected.

**ACCORDINGLY**, I respectfully recommend that:

1. Plaintiff's Motion for Remand [DE 8] be **DENIED**;
2. Defendant's Motion to Quash Service of Process [DE 1-3] be **GRANTED**;
3. The entry of default and default judgment entered against Defendant be **VACATED**; and
4. Plaintiff's Motion to Strike Unsworn Hearsay Assertions [DE 14] be **DENIED.**

The parties shall have **fourteen (14) days** from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a *de novo* determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988).

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 26th day of August, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE